**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamel Hyatt, | No. CV-23-02659-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, et al., | |
| Defendants. | |

Plaintiff, who is self-represented, filed his complaint in this action on December 20, 2023. (Doc. 1.) The complaint named four defendants: Experian Information Solutions Incorporated ("Experian"), Fifth Third Bank NA ("Fifth"), Nelnet Incorporated ("Nelnet"), and Achieve Personal Loan ("Achieve"). On February 14, 2024, Plaintiff and Fifth settled the claims between them (Doc. 24), and Fifth was terminated as a party on February 29, 2024 (Docs. 35, 37). Nelnet filed an answer on February 20, 2024. (Doc. 29.) Experian filed an answer on February 28, 2024. (Doc. 32.) Achieve filed a motion to dismiss on April 9, 2024. (Doc. 42.) Instead of responding to Achieve's motion to dismiss, Plaintiff filed an amended complaint on April 23, 2024. (Doc. 51.) Plaintiff did not file a motion for leave to amend that complies with Local Rule of Civil Procedure 15.1(a), but he filed his amended complaint within 21 days of service of Achieve's motion to dismiss, which leads the Court to believe Plaintiff intended to amend his complaint once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

Rule 15(a)(1)(B) states that "if the pleading is one to which a responsive pleading is required," then "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "The rule does not make clear whether the expiration of a plaintiff's time to amend as of right with respect to one of several defendants bars the plaintiff from amending as of right with respect to other defendants, and the Ninth Circuit has not addressed that issue. However, other courts have held that '[i]f the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.'" *Boyd v. Santa Cruz Cnty.*, No. 15-cv-00405-BLF, 2015 WL 3465837, at *4 (N.D. Cal. June 1, 2015) (quoting *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007)). Still, some courts have not adopted this interpretation of Rule 15(a)(1)(B) and instead have concluded that "a plaintiff's 21-day clock to amend without leave of court applies to the case as a whole, not to individual defendants, and it begins to run with the first responsive pleading or Rule 12 motion filed in the case." *Doe v. Gupta*, No. 3:22-cv-1122, 2023 WL 6290625, at *2 (N.D. Ohio Sep. 27, 2023) (collecting cases).

The rule is ambiguous. The interpretation advanced by courts such as the Northern District of Ohio in *Doe* is more straightforward and administrable. But the Court adopts the Eleventh Circuit's interpretation in *Williams* for two reasons. First, although the Ninth Circuit has not addressed the issue, district courts within the Ninth Circuit have adopted the Eleventh Circuit's approach. *See, e.g.*, *Myles v. Core*, No. 5:23-cv-00165-MCS-MAA, 2023 WL 8114881, at *3 (C.D. Cal. Oct. 7, 2023); *Aldini AG v. Silvaco, Inc.*, No. 21-cv-06423-JST, 2022 WL 20016826, at *2 n.3 (N.D. Cal. Aug. 3, 2022); *Boyd*, 2015 WL 3465837, at *4; *Hill v. Clovis Police Dep't*, No. 1:11-cv-1391 AWI SMS, 2011 WL 5828224, at *9 (E.D. Cal. Nov. 18, 2011); *Blanco v. Am. Home Mortg. Serv. Inc.*, No. CIV. 09-578 WBS DAD, 2009 WL 2171071, at *1 (E.D. Cal. July 20, 2009); *Paradigm Precision Holdings, LLC v. Prospect Mfg.*, No. 08-CV-00573-PHX-FJM, 2008 WL

5111110, at *1 (D. Ariz. Dec. 3, 2008); *Termini v. Frontier Commc'ns of Am., Inc.*, No. CV 08-8042-PCT-JAT, 2008 WL 2783276, at *2 n.4 (D. Ariz. July 16, 2008); *French v. Farm Bureau Mut. Ins. Co. of Idaho*, No. CV 07-15-MO, 2007 WL 2011191, at *2 (D. Or. July 6, 2007); *Ramirez v. Silgan Containers*, No. CIV F 07-0091 AWI DLB, 2007 WL 1241829, at *3 (E.D. Cal. Apr. 26, 2007). *Cf. Carson v. Ryan*, No. CV-17-01641-PHX-ROS (BSB), 2018 WL 4782325, at *2 n.2 (D. Ariz. July 13, 2018) (acknowledging this interpretation, but not weighing in on the issue). Absent a firm conviction that this interpretation is wrong, the Court is not inclined to create an intra-circuit split. Second, this interpretation better achieves the purpose behind Rule 15(a)(1), which is to permit a "responsive amendment" as a matter of course to "avoid the need to decide the [Rule 12(b), (e), or (f)] motion or reduce the number of issues to be decided[.]" 2009 Advisory Committee Notes to Fed. R. Civ. P. 15. Here, for example, Nelnet and Experian each filed answers to the complaint, not motions to dismiss. Those answers generally denied the allegations in the complaint and stated boilerplate affirmative defenses but did not otherwise identify any specific defects in the complaint. There would have been no reason for Plaintiff to amend as a matter of course in response to those answers. It was not until Achieve filed its motion to dismiss that Plaintiff was put on notice of specific potential defects in his complaint.

In ruling otherwise, the *Doe* court observed that the 2009 Advisory Committee Notes to Rule 15 state: "The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." But the Court understands this to mean only that, in multi-defendant cases, the 21-day period does not begin anew *as to all defendants* each time one of the defendants files a responsive pleading or covered motion. So, here, Achieve's motion to dismiss does not restart the 21-day clock as to Nelnet and Experian. It does not follow, however, that the expiration of the 21-day period as to the *first* responding defendant extinguishes a plaintiff's right to amend as a matter of course as to

*all* subsequently responding defendants, especially when the first responding defendant does not identify any specific perceived defects in the complaint or any perceived defects pertinent to the other defendants.

What this means for Plaintiff is this: because more than 21 days have passed since Nelnet and Experian filed their answers, he cannot amend as a matter of course as to those defendants. If he wants to amend his complaint as to Nelnet and Experian, he needs to file a motion for leave to amend (or, if all parties agree to the amendment, a stipulation). But Plaintiff may amend his complaint once as a matter of course as it relates to his claims against Achieve. Plaintiff did not file a redline version of his amended complaint that shows how it differs from the original, as is required by Local Rule 15.1(b). As a result, the Court cannot tell whether the amended complaint Plaintiff filed on April 23, 2024, amends the claims against Achieve only, or whether it also amends the claims against Nelnet and Experian. Accordingly, the Court will require Plaintiff to file a redline version of his amended complaint that shows how it differs from his original complaint. If the only changes pertain to the claims against Achieve, then the Court will accept the amended complaint as an of-right amendment under Rule 15(a)(1)(B).[1] But if the amended complaint also includes changes to the claims against Nelnet and Experian, then the Court cannot accept his amended pleading as an of-right amendment under Rule 15(a)(1)(B) because the amendment comes more than 21 days after Nelnet and Experian filed their answers. If such is the case, Plaintiff will need to file a motion (or a stipulation) for leave to amend under Rule 15(a)(2) and Local Rule 15.1(a).

/ / /

/ / /

/ / /

---

[1] If such is the case, Nelnet and Experian will be required to answer the of-right amended complaint—even though the changes do not apply to them—because, as a practical matter, "the Court cannot have multiple versions of the complaint operative against different defendant[.]" *Termini*, 2008 WL 2783276, at *2 n.4.

**IT IS ORDERED** that, by no later than **April 30, 2024**, Plaintiff file a redline version of his amended complaint (Doc. 51) that shows how it differs from the original version (Doc. 1), as required by Local Rule 15.1(b).

Dated this 24th day of April, 2024.

Douglas L. Rayes
United States District Judge